```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL         :
ELECTRICAL BENEFIT FUND
                                 :

    v.                           :   Civil Action No. DKC 23-1394

                                 :
RAPID TELECOM SOLUTIONS, LLC
                                 :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA") is Plaintiffs' motion for default judgment. (ECF No. 12). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be granted.

**I.   Background**

Plaintiffs are trustees of a multi-employer pension plan, the National Electrical Benefit Fund ("NEBF"). Plaintiffs are fiduciaries to NEBF and authorized to file this action under 29 U.S.C. § 1132(a)(3). Plaintiffs are an employee benefit plan within the meaning of § 3(2) of ERISA. *See* 29 U.S.C. § 1002(2). Defendant Rapid Telecom Solutions, LLC is an employer engaged in an industry affecting commerce under ERISA. *See* 29 U.S.C. §§ 1002(5). NEBF was established and is maintained by an agreement

between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). Defendant entered into a collective bargaining agreement with the Long Island Chapter National Electrical Contractors Association on February 15, 2020, and is obligated to submit contributions to NEBF. (ECF No. 12-5).

Plaintiffs filed a complaint on behalf of NEBF on May 24, 2023, alleging that Defendant breached the collective bargaining agreement by failing to pay contributions and asking for liquidated damages and interest for unpaid and late-paid contributions, and attorneys' fees and costs.

Plaintiffs served the summons and complaint on Defendant on August 3, 2023. When Defendant failed to respond within the requisite time period, Plaintiffs moved for the entry of default. The clerk entered default against Defendant on September 5, 2023. (ECF Nos. 10, 11). Plaintiffs filed the subject motion for entry of default judgment on October 19, 2023. (ECF No. 12).

Plaintiffs' motion for default judgment indicates that Defendants paid $3,113.10 in August 2023, representing all the contributions owed. Plaintiffs' motion for default judgment requests the court to enter judgment against Defendant for $2,733.03 which represents liquidated damages of $1,155.26,

2

interest through September 2023 of $279.77, costs of $552, and attorneys' fees of $746 on the late-paid contributions.

**II.  Standard of Review**

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2).  A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002); *Lipenga v. Kambalame*, 219 F. Supp. 3d 517 (D.Md. 2016).  The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

3

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. The court first determines whether the unchallenged factual allegations constitute a legitimate cause of action, and, if liability is established, the court then makes an independent determination of damages. Fed. R. Civ. P. 55(a). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

### III. Analysis

Assuming the truth of the well-pleaded allegations of the complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA. Section 502(a)(3) authorizes Plaintiffs to enforce the provisions of the trust agreements. *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought: "(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other

4

appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan"). According to the complaint, Defendant is a signatory to the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund and is, therefore, obligated to comply with the terms of the Agreement, which includes the requirement to submit to an audit at the request of the Funds' trustees.  Based on these undisputed allegations, Plaintiffs have stated a sufficient claim for relief under ERISA.  *See La Barbera v. Fed. Metal & Glass Corp.*, 666 F.Supp.2d 341, 348 (E.D.N.Y. 2009) (entering default judgment in favor of trustees where the complaint alleged that an employer refused to submit an audit despite being contractually bound to do so by a CBA and trust agreement); *see also National Elec. Ben. Fund v. AC-DC Elec., Inc.*, Civ. No. DKC 11-0893, 2011 WL 6153022 (D.Md. Dec. 9, 2011).

    **A.   Unpaid Contributions**

    The complaint demands payment to Plaintiffs of $3,014.58 in contributions.  Plaintiffs' motion for default judgment, however, explains that in August, 2023, Defendants paid all contributions owed, but failed to pay associated interest and liquidated damages on the late-paid contributions.

B.   **Liquidated Damages and Interest**

The complaint and motion for default judgment demands payment to Plaintiffs of $1,155.26 in liquidated damages for late payment of contributions. Plaintiffs have attached a spreadsheet to the motion for default judgment with calculations of interest at ten percent (10%) compounded monthly as provided for in the Agreement. (ECF No. 12-7). The Agreement between the parties obligates Defendant to pay twenty percent (20%) as liquidated damages and ten percent (10%) interest compounded monthly throughout the period of delinquency. (ECF No. 12-6 at 7). Liquidated damages of $1,155.26 and interest of $279.77 assessed through September 30, 2023, on late contributions will be awarded.[1]

C.   **Attorneys' Fees**

Plaintiffs seek $746 in attorneys' fees. In support of this request, Plaintiffs submit a Declaration of Attorney's Fees and a spreadsheet of the hours billed by Plaintiff's counsel. (ECF No. 12-1). The spreadsheet shows that the firm spent 3.1 hours on this case on behalf of the Plaintiffs. Jennifer Hawkins, a licensed attorney since 1994, charged $392 per hour and Peter

---

[1] Although the past-due contributions were paid fully in August 2023, diminimus interest of $4.60 representing $2.29 applied in August 2023 and $2.31 applied in September 2023, has been added to the total amount owed. Because the motion isn't challenged, it has been granted.

6

Tkach, a member of this bar since May, 2023, charged $188 an hour for attorney time. The sum requested is supported by the record and Plaintiffs will be awarded $746 for attorneys' fees.

    **D.   Costs**

Plaintiffs seek $552 in costs. In support of this request, Plaintiffs recite that in addition to the $402 filing fee to commence this action, $150 was spent for service of process on Defendant (ECF No. 12-1 at 3, 12-3). The record supports the award of costs in the amount of $552.

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' motion for the entry of default judgment will be granted. A separate order will follow.

                                            /s/
                              DEBORAH K. CHASANOW
                              United States District Judge